UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FERNANDO GARCIA,

       Petitioner,

    v.                           Case No.:  2:26-cv-01249-SPC-DNF

D.H.S. *et al.*,

       Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Fernando Garcia's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 12).  For the below reasons, the Court grants the petition.

Garcia is a native of Cuba who was paroled into the United States on April 20, 1980, but he never adjusted his status.  His criminal history consists of a 1993 conviction for cocaine possession, and a 2003 conviction for possession of an undersized fish.  On December 6, 1996, an immigration judge granted Garcia voluntary departure by June 6, 1997.  Garcia remained in the country, and the voluntary departure order became a removal order on June 6, 1997.  At some point, Immigration and Customs Enforcement ("ICE") placed Garica on an order of supervision.  On January 5, 2926, Garcia reported to ICE for a routine check-in, and ICE revoked his release and detained him at Alligator Alcatraz.  Garcia challenges the legality of his continued detention.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Garcia's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Garcia has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government has been unable to remove him since 1997, and there is no indication Cuba will accept him now. The burden thus shifts to the government, but it makes no attempt at rebuttal.

The Court finds no significant likelihood Garcia will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE

can detain Garcia to "assur[e] [his] presence at the moment of removal."

*Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Fernando Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Garcia within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record